Argued and submitted January 31, reversed and remanded March 14, 2012

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

WILLA DAY NIMS,
*Defendant-Respondent.*

Washington County Circuit Court
C100552CR; A146162

274 P3d 235

Joanna Jenkins, Assistant Attorney General, argued the cause for appellant. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Shawn E. Wiley, Chief Deputy Defender, argued the cause for respondent. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

.

## DUNCAN, J.

The state appeals the trial court's order granting defendant's motion to suppress evidence obtained after defendant consented to a search of her car during a lawful traffic stop. The state argues that the trial court erred in concluding that defendant's consent was the product of an unlawful extension of the traffic stop. We agree and, therefore, reverse and remand.

The relevant facts are not disputed. As found by the trial court in its letter opinion, they are as follows:

"In this case two police officers were driving together in Beaverton. The officers were showing each other houses where they suspected criminal activities were taking place. At one such house they saw the defendant drive into the driveway. The officers ran the plates and learned the registered owner was violation suspended. The officers waited, and a short time later the defendant reentered her vehicle and began driving away. The officers noted that the defendant matched the description of the registered owner.

"As the defendant was leaving the area, the officers further noted that she did not stop behind the white line at an intersection. The officers then followed the defendant and initiated a traffic stop for driving while suspended and for failing to stop at the required location at the intersection. Upon being stopped, the defendant gave Officer Potter a debit card with her photo and name on it. The officer confirmed the defendant was the registered owner of the car. The defendant admitted she was suspended. Officer Potter then went back to write the citation while the defendant waited in her car. At the point Officer Potter left the defendant to write the citation, he had all the needed information to issue the citation.

"Moments later (within 30 seconds) the second officer, Officer Henderson, approached the defendant and asked if she had drugs, weapons, or fraudulent documents. The defendant said, 'no.' The officer then asked for consent to search the vehicle. The defendant agreed and the officer searched the vehicle as well as the defendant's purse which was inside the vehicle. The officer located illegal drugs in a mint container.

"At the time police asked to search, they had no reason to believe the defendant was carrying illegal substances. The request for consent to search was completely unrelated to the traffic violations. The defendant was not free to leave while she was waiting for the citation to be issued."

Based on those facts, the trial court concluded that defendant's consent was the product of an unlawful extension of the traffic stop. The court reasoned that, once the officers had completed their investigation of the traffic violations, the officers could not ask questions unrelated to the reasons for the traffic stop. The court explained:

"It appears to this court that Article I, section 9[,[1]] requires police to issue citations or tell suspects that they are free to leave once a traffic <u>investigation</u> is completed. *State v. Rodgers/Kirkeby*, 347 Or 610, 627[, 227 P3d 695] (2010). In this case, at the point police requested consent to search, all information needed to issue the citation had been collected. The investigation related to the issuance of a citation was completed.

"Under the circumstances of this case, the police request for consent to search violated Article I, section 9 of the Oregon Constitution."

(Underscoring in original.)

On appeal, the state asserts that the trial court erred by granting defendant's motion to suppress. As in the trial court, the state argues that Henderson's request for consent occurred during an "unavoidable lull" in the traffic stop and, therefore, did not extend the traffic stop in violation of Article I, section 9. The state contends that "[t]he trial court * * * understood from its reading of *Rodgers/Kirkeby* that police are precluded not only from extending the duration of a traffic stop, but also from inquiring into issues unrelated to the stop, irrespective of whether those inquiries result in an extension of the length of the stop." According to the state,

---

[1] Article I, section 9, of the Oregon Constitution provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

the trial court granted defendant's motion to suppress "solely because [Henderson's request for consent to search] was not related to any of the grounds for the traffic stop."

We disagree with the state's interpretation of the trial court's reasoning. At the hearing on defendant's motion to suppress, the trial court observed that in *State v. Rodgers*, 219 Or App 366, 182 P3d 209 (2008), *aff'd sub nom State v. Rodgers/Kirkeby*, 347 Or 610, 227 P3d 695 (2010), we stated that officers may inquire about unrelated matters during a traffic stop, provided that the inquiries do not extend the duration of the stop, and that the Supreme Court's decision in *Rodgers/Kirkeby* "may or may not [have] overrule[d] that decision." The trial court invited additional briefing on the matter and said that it would reread *Rodgers/Kirkeby*. In its subsequent letter opinion, the court explained that Henderson had violated defendant's Article I, section 9, rights by extending the traffic stop in order to investigate unrelated matters. As set out above, the court wrote:

> "It appears to this court that Article I, section 9[,] requires police to issue citations or tell suspects that they are free to leave once a traffic <u>investigation</u> is completed. [*Rodgers/Kirkeby*, 347 Or at 627.] In this case, at the point police requested consent to search, all information needed to issue the citation had been collected. The investigation related to the issuance of a citation was completed."

(Underscoring in original.)

Thus, although the trial court initially expressed some uncertainty as to whether—as interpreted in *Rodgers/Kirkeby*—Article I, section 9, prohibits all inquiries about unrelated matters during a traffic stop or only those that extend the duration of the traffic stop, it ultimately focused on whether Henderson's request for consent to search extended the duration of the traffic stop. Contrary to the state's argument on appeal, the trial court did not grant defendant's motion to suppress "solely because [Henderson's request for consent to search] was not related to any of the grounds for the traffic stop." Therefore, we reject the state's argument that the trial court failed to apply the unavoidable lull rule.

That said, however, we conclude that the trial court erred in its application of the unavoidable lull rule to the facts of this case. As the trial court found, Henderson requested consent to search while Potter was writing defendant's citation for the traffic violations. Under the unavoidable lull rule, whether an officer's inquiry about a matter unrelated to the reasons for a traffic stop unlawfully extends the stop depends on whether the officer makes the inquiry instead of expeditiously proceeding with the steps necessary to complete the stop. *See, e.g.*, *State v. Leino*, 248 Or App 121, 126, 273 P3d 228 (2012) (during a traffic stop, questioning about unrelated matters "is not unlawful if it occurs while an officer is lawfully and expeditiously conducting the traffic stop"). An officer may inquire about unrelated matters if the officer is not in a position to proceed with the investigation of the traffic violations or the issuance of the citation—for example, if the officer is waiting for a driver to provide identification or waiting for the results of a records check—but an officer may not inquire about unrelated matters "as an alternative to going forward with the next step in processing the [traffic violation], *such as the writing or issuing of a citation*." *State v. Huggett*, 228 Or App 569, 575, 209 P3d 385 (2009), *rev dismissed*, 348 Or 71 (2010) (citing *Rodgers*, 219 Or App at 372-73) (emphasis added). Accordingly, we have held, for example, that an officer's request for consent to a search unlawfully extended a traffic stop where there was no evidence that, at the time the officer requested consent, "he was awaiting the results of a record check, was waiting for [the] defendant to provide him items needed to continue the traffic stop, or was engaging in any other steps related to the investigation of the traffic offense *or the issuance of a citation for that offense*." *Id*. at 574-75 (emphasis added).

In this case, the undisputed evidence is that, when Henderson asked defendant for consent to search, Potter was continuing, without delay, toward the completion of the traffic stop. As the trial court found, after defendant admitted that her license was suspended, Potter "went back [to the patrol car] to write the citation." "Moments later (within 30 seconds)," Henderson approached defendant, asked if she had drugs, weapons, or fraudulent documents, and, when

defendant replied that she did not, Henderson asked for consent to search. Because Henderson requested consent to search while Potter was writing defendant's citation, the request did not unlawfully extend the traffic stop. The trial court erred in concluding otherwise.[2]

Reversed and remanded.

---

[2] Indeed, on appeal, defendant does not argue that Henderson's request for consent unlawfully extended the traffic stop. Instead, defendant argues that the Supreme Court overruled the unavoidable lull rule in *Rodgers/Kirkeby*. But, as defendant acknowledges, we have already considered and rejected that argument. *See, e.g., State v. Hall*, 238 Or App 75, 82, 241 P3d 757 (2010), *rev den*, 349 Or 664 (2011) (*"Rodgers/Kirkeby* provides no authority for the proposition that police inquiries during an unavoidable lull in a traffic stop must be justified by independent reasonable suspicion.").